UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MALONE, on behalf of himself
and all other similarly situated,

    Plaintiff,                               Case No. 25-cv-11107

v.                                              Hon. Linda V. Parker

EDW. C. LEVY CO.

    Defendant,

_____

**EDW. C. LEVY CO.'S RESPONSE BRIEF
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Michael Malone ("**Plaintiff**") seeks to introduce the September 22, 2025 decision in *Rodriguez v. CRG Lynwood LLC*, Case No. 2:24-cv-11576 (E.D. Mich.), as supplemental authority opposing Defendant Edw. C. Levy Co.'s ("**ECL**") Motion to Dismiss. In doing so, Plaintiff grossly miscasts the substance of the *Rodriguez* holding. Ironically, the *Rodriguez* Opinion and Order does not support Plaintiff in this case. In fact, when applied to Plaintiff's claims, the *Rodriguez* decision supports dismissal for lack of standing and drastically limits the scope of any potential damages.

**I. The *Rodriguez* Case Supports a Finding that Plaintiff Lacks Standing as to All Injuries Except Embarrassment.**

ECL's core argument for dismissal pursuant to Rule 12(b)(1) is that Plaintiff has failed to allege an actual, concrete, and particularized injury sufficient to confer

1

Article III standing. The *Rodriguez* case, when analyzed correctly, is a decisive victory for the defense position on this issue. The *Rodriguez* court engaged in a detailed, injury-by-injury analysis, ultimately rejecting standing for the most common data breach injury theories, like those alleged by Plaintiff in this case (*i.e.*, increased risk of future fraud / identity theft, mitigation costs, time / energy monitoring accounts, diminished value of private information, and prospective / injunctive relief).[1]

In its ruling, the *Rodriguez* court held that it lacked jurisdiction over the negligence and breach-of-implied-contract claims insofar as they sought injunctive relief and insofar as they sought damages for increased risk of fraud and diminished value of private information. **In other words, the *Rodriguez* court ruled that the plaintiff only had standing to pursue claims seeking damages for injuries stemming from hackers invading her privacy (*e.g.,* embarrassment).** Here, Plaintiff has failed to plead an actual, concrete, and particularized privacy injury. Rather, Plaintiff's Complaint rests solely upon the rejected theories of future fraud

---

[1] With respect to the future risk of fraud, the *Rodriguez* court found that the significant period of time that had passed (3 years – similar to this case) since the data breach and the lawsuit undermined a showing of imminence. The *Rodriguez* court found that any risk of future fraud stemming from the breach was not substantial. Relatedly, the court found that plaintiff's claims of time and energy monitoring financial accounts and anxiety about the possibility of fraud were based on an insubstantial risk of harm so they could not confer standing. Lastly, the court determined that plaintiff had not adequately pled that the value of her data had been diminished.

risk, mitigation costs, and diminished value of PII. In any event, *even if* Plaintiff is found to have alleged a plausible claim for invasion of privacy, the *Rodriguez* Opinion holds that he only has standing to pursue damages for injuries stemming from hackers invading his privacy.

## II. *Rodriguez* Provides Additional Support for Dismissal Under Rule 12(b)(6) and Drastically Limits Plaintiff's Alleged Damages.

Furthermore, the *Rodriguez* case established a strict limit on the scope of recoverable damages for negligence and breach of implied contract claims. The *Rodriguez* court determined that, because standing was only based on the privacy injury, the claims could only proceed insofar as they sought damages for injuries stemming from the privacy violation. The remainder of plaintiff's negligence claim was dismissed for failure to plead physical injury. The breach-of-implied contract claim was limited to recover damages only for injuries stemming from hackers invading plaintiff's privacy (e.g., embarrassment). In sum, the *Rodriguez* case strongly supports ECL's position that all of Plaintiff's claims for injunctive relief – and any claims for economic damages related to fraud mitigation, credit monitoring, or future risk of loss must be dismissed with prejudice because those claims lack standing and are not redressable.

Dated: November 4, 2025                     Respectfully Submitted,
                                            */s/ Mitchell A. Capp*
                                            Mitchell A. Capp (P84197)

3

37073501.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

<u>*/s/ Mitchell A. Capp*</u>
Mitchell A. Capp (P84197)

*Counsel for Defendant Credit Union One*

37073501.1